IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES SULTON, JR., )
IDOC # A93755, )
                                    )
      Plaintiff, )
                                    )
vs. ) CASE NO. 12-112-GPM
                                    )
COUNTRYWIDE HOME LOANS, et al., )
                                    )
      Defendants. )

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Charles Sulton, Jr., a prisoner in the custody of the Illinois Department of Corrections who currently is incarcerated in the Lawrence Correctional Center, brings this action pro se purportedly pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq*. In general,

> A civil action may be brought in[:] (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In this instance, the only applicable provision of 28 U.S.C. § 1391(b) is subsection (2), providing for venue in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. A substantial part of the events or omissions giving rise to Sulton's claims in

this case occurred in the area of Chicago, Illinois, which is within the jurisdiction of the United States District Court for the Northern District of Illinois. *See* 28 U.S.C. § 93(a)(1). Also, this suit concerns real property located in the Northern District of Illinois, and it appears that most of the Defendants named by Sulton, including various corporations and the Chicago Legal Clinic, can be found in that district. The court concludes therefore that venue over this proceeding properly lies in the Northern District of Illinois, and that it is in the interests of justice that this cause be transferred there. *See* 28 U.S.C. § 1404(a). Accordingly, pursuant to Section 1391(b) and Section 1404(a), this action is **TRANSFERRED** on the Court's own motion to the United States District Court for the Northern District of Illinois. All pending motions in this case, including Sulton's request for leave to proceed in forma pauperis (Doc. 2) and Sulton's motion for appointment of counsel (Doc. 3), are carried with the case, and shall be resolved in the transferee court. No summons shall issue in this action unless so directed by the transferee court. The Clerk of Court is directed to transmit the electronic record of this case to the Clerk of Court for the United States District Court for the Northern District of Illinois and to close the case on this Court's electronic docket.

    **IT IS SO ORDERED.**

    DATED: February 10, 2012

                            /s/ G. Patrick Murphy
                            G. PATRICK MURPHY
                            United States District Judge