Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1017 | **DATE** | 3/5/2012 |
| **CASE TITLE** | Charles Sulton, Jr (A-93755) v. Countrywide Home Loans Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for the appointment eave to proceed *in forma pauperis* [2] is granted. The initial filing fee is waived. The Court orders the trust fund officer at Lawrence Correctional Center to collect monthly payments from Plaintiff's trust fund account as stated below. The clerk shall send a copy of this order to the trust fund officer at Lawrence Correctional Center. However, summonses shall not issue. The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as barred by *res judicata* and as a malicious. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The case is terminated. Plaintiff's motions for appointment of counsel [3], [7] are denied as moot.

■[For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff, Charles Sulton, Jr., an inmate at Lawrence Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted.

Plaintiff alleges that several financial institutions and their agents, Allstate Insurance Company, and an attorney involved in loans Plaintiff acquired in 1999/2000 violated his civil rights by steering him to high cost loans during the housing boom. Plaintiff's inability to pay his required payments resulted in the foreclosure of his home in 2001. Following the foreclosure, Plaintiff filed several lawsuits in state court. Plaintiff attaches several pleadings and rulings from these lawsuits to his complaint. In 2004, Plaintiff filed a petition for relief from judgment pursuant to Code of Civil Procedure 735 ILCS 5/2-1401(f). *Sulton v. Keystone Mortgage, et al.,* Case No. 04 CH 7121. That petition was dismissed as untimely and that ruling was affirmed on appeal to the First District Appellate Court on March 7, 2008. *Sulton v. Keystone, et al*, Case No. 06-1452. In 2009, Plaintiff filed a legal malpractice claim against Jeffrey Whitehead of the Chicago Legal Clinic. *Sulton v. Whitehead*, Case No. 09 L 4533. Also in 2009, Plaintiff filed another lawsuit regarding the 1999/2000 loans and foreclosure of his property in state court. *Sulton v. City of Chicago, et al.*, Case No. 09 CH 12308. That matter was dismissed and the dismissal was affirmed by the First District Appellate Court. *Sutton v. City of Chicago, et al.*, Case No. 10-1780. Plaintiff alleges that the previous cases have all been dismissed and have completed the appeal process in state court.

Plaintiff's present action, now his fourth complaint regarding the 1999/2000 loans is clearly barred by *res judicata*. The doctrine of *res judicata* bars relitigation of claims that were already decided by a court of competent

| STATEMENT |
|---|

jurisdiction. Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *See, e.g., San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 336 (2005); *Cole v. Board of Trustees of University of Illinois*, 497 F.3d 770, 772 (7th Cir. 2007). *Res judicata* applies when (1) there has been a final judgment on the merits in an earlier action, (2) there is an identity of parties or privies in the two suits, and (3) there is an identity of the causes of action in the two suits. *Ross v. Bd. of Educ. of Twp. High Sch., Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007).

    Plaintiff filed three suits in state court regarding his 1999/2000 loans, Plaintiff was unsuccessful in those suits and the resulting appeals. These dismissals and appeals constitute final decisions on the merits. *See Davis v. Lambert*, 388 F.3d 1052, 1058 (7th Cir. 2004). Furthermore, a review of the previously-filed suits demonstrates that Plaintiff names the same parties in the present action. Plaintiff cannot raise the same claims in this Court nor can he attempt to bring new claims that he could have raised in the previous lawsuits. Accordingly, the complaint is dismissed as barred by *res judicata*.

    The Court further notes that Plaintiff's claims all appear to be time-barred as they are based on 1999/2000 loans of which Plaintiff knew of the alleged improper conduct, at the latest, in 2004 when he filed his first state-court lawsuit. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993) (two-year statute of limitations for civil rights actions).

    In addition, the Court finds that Plaintiff's present complaint, filed after three previous lawsuits and two appeals, based on the same core facts against the same parties, constitutes malicious litigation, and accesses a strike against Plaintiff. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (a malicious claim is generally construed as intended to harass); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (multiple lawsuits that duplicate the same allegations constitute malicious claims); *Garland v. O'Grady*, Case No. 88 C 8281, 1998 WL 118879 (N.D. Ill. Nov. 3, 1998) (Conlon, J.) (duplicative litigation constituted malicious litigation).

    The dismissal of the complaint counts as a strike against Plaintiff under 28 U.S.C. § 1915(g). Plaintiff is advised that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

    If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."